UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                Case No. 22-CR-96

SERGIO EMERSON,

        Defendant.

---

**ORDER FOR PLACEMENT**

---

On May 3, 2022, Defendant Sergio Emerson was charged in an indictment with one count of being a felon in possession of a firearm and one count of failing to register as a sex offender. Dkt. No. 1. The defendant refused to appear at a video conference arraignment on May 10, 2022, and his attorney raised the issue of competency, noting that the defendant had a pending state court case where competency had also been raised. At a continued video conference hearing on May 20, 2022, counsel for Emerson again raised the issue of Defendant's competency to proceed and requested a competency hearing. The court conducted that hearing on June 1, 2022.

Based upon the presentation of counsel, the court concluded that there were grounds to question the defendant's competency to proceed and entered an order committing the defendant to the custody of the Attorney General for a competency evaluation. Dkt. No. 9. On September 14, 2022, a forensic evaluation of the defendant performed by a Bureau of Prisons (BOP) staff psychologist was docketed in the case. The evaluation found that the defendant suffered from a mental disorder that significantly impaired his ability to understand the nature and circumstances of the court proceedings against him and his ability to properly assist his counsel in his defense.

The forensic evaluation recommended that Emerson be committed to a federal medical center for treatment for restoration of competency pursuant to 18 U.S.C. § 4241(d).

Based upon the report, the court conducted a competency hearing on September 26, 2022, and found that the defendant was not competent. The court thereupon ordered Emerson committed to the Attorney General for placement in a suitable facility for a period not to exceed four months. A written order was entered on September 27, 2022. Pursuant to 18 U.S.C. § 4241(d)(1), the Order stated that the defendant "shall be committed forthwith to the custody of the Attorney General, who shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed." Dkt. No. 14.

On March 2, 2023, counsel for the defendant filed a Motion to Dismiss or for Order for BOP Placement. Counsel noted that five months had passed since the court's Order for Commitment and Everson had yet to arrive at a suitable facility. Instead, he was being held in the Kenosha County Jail where he was being housed pending an opening at a BOP facility. Based on information received from the Marshal's Service, Emerson was not expected to arrive at a BOP facility until May or June of 2023. Given that the five months that he was in custody awaiting transfer was already longer than the statutory commitment period of four months and that it was still anticipated to be three to four months before he would be transported, counsel moved for immediate dismissal or, in the alternative, for an order directing the BOP to immediately place the defendant in a suitable facility.

In response to the defendant's motion, the Government acknowledged the delay described by the defendant: "The defendant's factual recitation is not in dispute as it lays out an accurate

2

timeline of Mr. Emerson's case and facility movements." Dkt. No. 16 at 1. The Government noted that the BOP did not have current bedspace at the handful of facilities used for competency restoration. Emerson was at that time twenty-seventh on the list of those awaiting placement. At the same time, the Government requested a hearing on the defendant's motion to discuss options other than outright dismissal. At that hearing, counsel for the Government noted that the BOP was aware of the problem and was in the process of opening a new facility and expanding the bedspace available for individuals found incompetent and undergoing a four-month commitment to the custody of the Attorney General for placement in a suitable facility. However, the anticipated additional bedspace the new facility would provide was not expected to be available for months. In the meantime, absent an order by the court, Emerson was expected to remain in custody at the Kenosha County Jail.

By failing to place Emerson in a suitable facility within the four-month commitment period, the Attorney General has failed to comply with 18 U.S.C. § 4241(d)(1), as well as this court's order. "The BOP's bureaucratic failure to allocate adequate agency resources to meet the demand for competency evaluations is not . . . a legitimate excuse for failing to comply with the four-month time limit Congress imposed in § 4241(d)(1)." *United States v. Donnelly*, 41 F.4th 1102, 1108–09 (9th Cir. 2022) (Watford, J., concurring). Where the BOP lacks the facilities needed to meet the demand, Congress has given the Attorney General other options. The statute explicitly authorizes the Attorney General to "contract with a State, a political subdivision, a locality, or a private agency for the confinement, hospitalization, care, or treatment of, or the provision of services to, a person committed to his custody pursuant to this chapter." *Id.* at 1109 (quoting § 4247(i)(A)). As the *Donnelly* court explained, the delay here is not unique to this case: "Those delays, which now extend to an astounding eight months, are attributable to the lack of

3

Case 1:22-cr-00096-WCG    Filed 03/13/23    Page 3 of 4    Document 18

available bed space at the handful of facilities the Bureau of Prisons (BOP) has equipped to conduct competency evaluations under § 4241(d)." *Id.* at 1108.

In light of the foregoing, the court concludes that Emerson is entitled to some relief. The court is reluctant, however, to dismiss the indictment and order his immediate release. Though the record in this case does not reflect the specific factual circumstances out of which these charges arise, the Pretrial Services Report reveals a lengthy criminal history on the part of the defendant which includes second degree robbery as a juvenile and adult convictions for kidnapping/terrorizing and deviant sexual assault, for which he received a suspended sentence of ten years in custody with five years of probation, and various firearms violations. The convictions are not recent, but the court is nevertheless reluctant to order the immediate release of an individual with such a record who faces serious charges and has been found incompetent to stand trial due to serious mental illness. Accordingly, as in *Donnelly*, the court will order the Attorney General to place Emerson in a suitable facility within the next fifteen days. In this respect, the defendant's motion is granted. Should the Attorney General fail to comply with the court's order, the defendant may renew his motion for dismissal or seek other appropriate relief.

**SO ORDERED** at Green Bay, Wisconsin this 13th day of March, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge