UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              Case No. 22-CR-96

SERGIO S. EMERSON,

      Defendant.

---

**ORDER DENYING THIRD MOTION TO DISMISS**

---

Defendant Sergio S. Emerson is charged with possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). Emerson has previously been found not competent to stand trial and was committed to the custody of the Attorney General for placement in a suitable facility to determine if his competency was likely to be regained. Following a number of delays that were recounted in the court's previous orders in this matter, Dkt. Nos. 18, 22, and 25, Emerson was placed at the Federal Medical Facility in Butner, North Carolina on April 4, 2023. By letter of April 7, 2023, the Complex Warden notified the court of Emerson's admission and indicated that the facility had calculated the evaluation period to end on August 1, 2023. Complex Warden T. Scarantino stated that his staff would attempt to complete the evaluation as soon as possible and have a report to the court within fourteen working days of the end date. Dkt. No. 26. On August 10, 2023, the forensic evaluation prepared by the medical center was e-filed. The evaluation concluded that Emerson was likely incompetent but could regain competency if forced to take psychotropic medication. The report reveals that Emerson engaged in manipulative conduct and refused to cooperate with

the evaluation. In any event, shortly before the report was filed Emerson filed a third motion to dismiss the case because of the continued delay in evaluating Emerson's competency. Counsel argues that the failure to file the report within the four-month hospitalization period allowed by the statute violates Emerson's rights under 18 U.S.C. § 4241(d) and the Fifth Amendment Due Process Clause. For the reasons that follow, Emerson's motion will be denied.

When a defendant charged with a federal crime is found incompetent to stand trial, the court is required to commit such defendant to the custody of the Attorney General. 18 U.S.C. § 4241(d). The statute further provides:

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.

*Id.* Emerson contends that because the four-month period of time elapsed before a competency report was filed, he is entitled to dismissal of the charges against him and immediate release.

Neither party has cited any Seventh Circuit authority bearing on the issue. At least one circuit has rejected Emerson's reading of the statute. In an unpublished decision, the Fourth Circuit held, "The language of Section 4241(d)(1) states that the four-month period of hospitalization is for the determination of the defendant's competency; the language says nothing about appropriate notification to the court." *United States v. Flanery*, No. 88-5605, 1989 WL 79731, at *3 (4th Cir.

2

July 13, 1989). Explaining further, the court stated, "It is improbable that Congress meant to include in the four-month period the time needed to notify the court; if that indeed were the case, then the four-month evaluation period would by necessity be shortened to take into account the time needed to mail the reports to the court and have them filed." *Id.* The court therefore concluded that, as long as the facility completes its evaluation of the defendant within the required time, "the defendant may be held past the four-month period and the district court will retain jurisdiction." *Id.*

The court agrees with the Fourth Circuit's interpretation of § 4241. The statute is silent as to when, or even whether, a report stating the conclusions of the evaluators is required to be filed. It states only that the initial hospitalization needed to determine whether the defendant is likely to regain competency cannot exceed four months. The report furnished to the court lists a report date of August 2, was signed by the authors on August 9, and is based on information obtained before August 1. Although Emerson remained at the medical facility after the four-month period had elapsed, it was not for purposes of determining whether he was likely to regain his competency. Given the distance between the Eastern District of Wisconsin and the facility in Butner, North Carolina, it was not possible to immediately return him to custody in this district when the time allowed elapsed. But the fact that Emerson remained in the hospital instead of being promptly returned to the Brown County Jail does not constitute a violation of his rights under § 4241(d).

Nor does the short delay in getting the report to the court violate Emerson's rights under the Due Process Clause of the Fifth Amendment. In support of his due process claim, Emerson relies on *Jackson v. Indiana*, 406 U.S. 715 (1972). But *Jackson* only held that a person held solely on account of his incapacity to proceed to trial cannot be held indefinitely when there is a

3

substantial probability he is not likely to attain that capacity in the foreseeable future. Emerson has not been held indefinitely.

Typically, when no time limit is stated for a certain action to be taken, courts infer that it must be done within a reasonable time. *Cerabio LLC v. Wright Medical Technology, Inc.*, 410 F.3d 981, 996 (7th Cir. 2005). In this case, the Complex Warden proposed that his staff would have the report to the court within 14 working days of the end of the four-month period. Dkt. No. 26. Emerson posed no objection to the Warden's proposal, and, in fact, the report was filed well before that promised time. The ten days between the end of the hospitalization period and the filing of the report with the court was not unreasonable. No violation of Emerson's due process rights occurred.

It follows that Emerson's Third Motion to Dismiss should be denied. The court must therefore proceed to determine whether Emerson should be given medication against his will to restore his competency. This requires that the court first determine whether important governmental interests are at stake. *Sell v. United States*, 539 U.S. 166, 180 (2003). The government is directed to file its brief in support of such a finding on or before September 1, 2023. Emerson's response will be due the following week on September 8, 2023.

**SO ORDERED** at Green Bay, Wisconsin this  25th   day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge